UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>    Plaintiff, <br><br>  v. <br><br> JIMMY LEUNG, <br><br>    Defendant. | 2:02-cr-0337-LRH-RJJ <br><br> ORDER |

Before the court is defendant Jimmy Leung's ("Leung") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Doc. #166. The United States filed an opposition (Doc. #172) to which Leung replied (Doc. #178).

**I.  Facts and Procedural History**

On June 13, 2002, Leung was arrested as part of a counterfeit cashier's check sting operation. Following his arrest, Leung was indicted on six separate charges: (1) conspiracy in violation of 18 U.S.C. § 371; (2) counterfeited securities in violation of 18 U.S.C. § 513(a); (3) fraudulent use and possession of identification documents in violation of 18 U.S.C. § 1028(a)(6)(7); (4) fraudulent use of a credit card in violation of 18 U.S.C. § 1029(a)(1); (5) bank fraud in violation of 18 U.S.C. § 1344; and (6) aiding and abetting each of the aforementioned charges in violation of 18 U.S.C. § 2. Leung proceeded to trial and was convicted by a jury on counts one, two, three and five. Doc. #102.

Leung appealed his conviction and sentence arguing that there was insufficient evidence to convict him of the aiding and abetting charge and that the court failed to provide the jury with adequate instructions. Doc. #142. The Ninth Circuit denied Leung's claims and affirmed his conviction and sentence. Doc. #160. Thereafter, Leung filed the present motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Doc. #166.

**II.   Discussion**

Pursuant to 28 U.S.C. § 2255, a prisoner may move the court to vacate, set aside, or correct a sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255; 2 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure § 41.3b (5th ed. 2005).

In his motion for relief under § 2255, Leung presents three separate grounds for relief: (1) insufficient evidence to convict him on two of the charges; (2) improper application of a two-point sentencing enhancement; and (3) ineffective assistance of counsel. Doc. #166. The court shall address each ground below.

**A.  Sufficiency of the Evidence**

Leung argues that there was insufficient evidence for the jury to convict him on count three, fraudulent use and possession of identification documents in violation of 18 U.S.C. § 1028(a)(6)(7), and count five, bank fraud in violation of 18 U.S.C. § 1344. *See* Doc. #166.

However, Leung failed to raise either of these claims during his direct appeal. *See* Doc. ##142, 160. Generally, "[s]ection 2255 may not be invoked to relitigate questions which were or should have been raised on direct appeal from the judgment of conviction. *Hammond v. United States*, 408 F.2d 481, 483 (9th Cir. 1969) (internal citations omitted). Because Leung failed to raise these issues on direct appeal, he waived his right to challenge the sufficiency of the evidence on

2

collateral review. *See United States v. Quintero-Barraza*, 78 F.3d 1344, 1351 (9th Cir. 1995).

In an attempt to bypass this procedural defect, Leung couches his insufficiency of the evidence claims as a claim for ineffective assistance of appellate counsel. Specifically, Leung states that appellate counsel ignored his suggestions and filed a "cookie cutter' appeal that did not address grounds specific to his case." Doc. #166. However, there are no allegations or evidence presented in Leung's motion to support his claim. Leung provides only a single conclusory statement that appellate counsel was deficient without elaborating as to how appellate counsel was ineffective in filing his appeal or what issues should have been addressed. As such, Leung's single statement is insufficient to state a claim for ineffective assistance of appellate counsel and thereby fails to cure the procedural defect. Accordingly, the court finds that Leung has waived his right to challenge the sufficiency of the evidence at to these claims.

### B.  Sentencing Enhancement

Leung further argues that the court erred in adding a two point sentencing enhancement pursuant to U.S.S.G. 2B1.1(b)(9)(B). However, Leung also failed to raise this issue on direct appeal. Thus, Leung has waived his right to challenge the two point sentencing enhancement. *See United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir. 1994) (holding that non-constitutional sentencing errors raised in a § 2255 motion, which could have been brought on direct appeal but were not, are waived).

### C.  Ineffective Assistance of Counsel

The final ground of Leung's motion alleges ineffective assistance of trial counsel because counsel: (1) failed to question the bank fraud investigator during cross-examination about the account numbers on the counterfeit cashier's checks; and (2) failed to make a Rule 29(b) motion for acquittal at the close of the government's case. *See* Doc. #166.

The Sixth Amendment to the Constitution provides that criminal defendants "shall enjoy the right to have the assistance of counsel for his defense." U.S. Const. Amend. VI. To establish

ineffective assistance of counsel, a petitioner must show that his counsel's performance was deficient, and that petitioner was prejudiced as a result of counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In determining whether counsel's performance was deficient, the court must examine counsel's overall performance, both before and at trial, and must be highly deferential to the attorney's judgments." *Quintero-Barraza*, 78 F.3d at 1348 (citing *Strickland*, 466 U.S. at 688-89) (internal quotations omitted). Once a petitioner has established that counsel's performance was deficient, the petitioner "must then establish that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

After reviewing the documents and pleadings on file in this matter, the court finds that Leung has failed to establish that his trial counsel's performance was deficient. As to Leung's claim that counsel was deficient because counsel failed to question the bank examiner, the court notes that counsel did question the bank examiner about the counterfeit cashier's checks and elicited testimony concerning the inherent differences between a real cashier's check drawn on the defrauded bank and the counterfeit checks presented by Leung's associates including testimony relevant to the account numbers on the counterfeit checks. *See* Doc. #172, Exhibit B, Trial Transcript p.234-239. Because Leung's counsel did ask relevant cross-examination questions of the bank examiner, the court finds that counsel's performance was not deficient, and therefore, Leung's first claim for ineffective assistance of counsel shall be denied.

As to Leung's remaining claim, it is well established that failure to make a Rule 29(b) motion for acquittal does not constitute ineffective assistance of counsel, especially when the crimes charged "were supported by sufficient evidence." *United States v. Feldman*, 853 F.2d 648, 665-66 (9th Cir. 1988). Here, the court finds that the crimes charged in the indictment against Leung were supported by sufficient evidence. At trial, the evidence presented by the government

4

against Leung included: (1) testimony from the undercover officer who met with Leung and discussed passing counterfeit cashier's checks through imposters using the identities of individuals with high credit limits; (2) financial and personal information, including bank profiles, of the proposed high credit limit individuals that was recovered from Leung's rental car; (3) video of Leung meeting with the imposter check passers and of Leung awaiting payment in a hotel room; (4) photocopies of the counterfeit checks; and (5) testimony by the imposter check passers about Leung's participation in the scheme including providing the counterfeit cashier's checks and identification documents to them. Thus, the court finds that there was overwhelming evidence sufficient for the jury to find that Leung had committed the charged crimes beyond a reasonable doubt. Further, the court notes that based upon the evidence provided at trial, it would have denied a Rule 29(b) motion upon the close of the government's case had one been made. Therefore, the court finds the counsel's failure to make a Rule 29(b) motion for acquittal in this instance did not constitute ineffective assistance of counsel because the charges were supported by sufficient evidence. *See Feldman*, 853 F.2d 648. Accordingly, the court shall deny Leung's § 2255 claims for ineffective assistance of counsel.

IT IS THEREFORE ORDERED that plaintiff's motion to vacate or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. #166) is DENIED.

IT IS SO ORDERED.

DATED this 4th day of November, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE